J-S60030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ODILIE B. CERRITOS | |
| Appellant | No. 2244 MDA 2013 |

Appeal from the Judgment of Sentence entered November 22, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-0000048-2013

BEFORE:  OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 16, 2015**

Appellant, Odilie B. Cerritos, appeals from the judgment of sentence the Court of Common Pleas of Centre County entered on November 22, 2013.  Appellant challenges the sufficiency and the weight of the evidence supporting Appellant's conviction for violating 75 Pa.C.S.A. § 3802(a)(1) (driving under influence of alcohol or controlled substance—general impairment).  Upon review, we affirm.

The trial court summarized the underlying facts and procedural history as follows:

> Corporal Brian Rose with the Ferguson Township Police Department testified at the [n]on-[j]ury [t]rial.  On October 28, 2012, he was going on roving DUI patrol and at about 2:28 a.m., he was on North Atherton Street near the intersection of Vairo Boulevard when his attention was drawn to a green Jeep Cherokee.  He observed the Jeep stop approximately ten yards short of the stop line at a red light.  Corporal Rose testified that stopping short of the line is a violation of the [V]ehicle [C]ode,

although at that time he did not realize as much. He described stopping ten yards short of the line as behavior that would "get his attention." When the light turned green, Corporal Rose's vehicle and the Jeep proceeded north[-]bound. The Jeep was in the left lane and switched lanes to get behind Corporal Rose's vehicle and then returned to the left lane after a short amount of time to pass him. He further stated that switching lanes to get behind a police cruise[r] and then switching lanes again to pass a cruiser is out of the ordinary. Corporal Rose ran the registration and noted the registration was cancelled for nonpayment of insurance. The Jeep pulled into Denny's restaurant and Corporal Rose pulled in behind it. When asked to produce her license, insurance and registration, [Appellant] had some trouble locating the items. Corporal Rose detected the odor of alcohol on [Appellant], her eyes were watery and glassy and her speech was somewhat slurred[,] which he described as "mush mouth." He also noted in his report that her face was flushed.

. . . .

Corporal Rose administered the field sobriety tests in Denny's parking lot. Out of eight clues on the walk and turn test she was assessed six[,] which was an unsatisfactory performance. She performed satisfactorily on the one-legged stand. Corporal Rose determined [Appellant] was incapable of safe driving and she was placed under arrest. Corporal Rose transported [Appellant] to the Central Booking Station for a blood test. . . . [A witness for the Commonwealth] testified that . . . the [Blood Alcohol Content (BAC)] results related to the samples tested was 0.080 gram per deciliter.

Trial Court Opinion, 3/27/14, at 1-3 (citation to notes of testimony omitted).

Appellant raises the following issues for our review:

I. Was the evidence adduced by the Commonwealth insufficient to prove beyond a reasonable doubt that on the night in question, Appellant was rendered incapable of safely operating a motor vehicle because of alcohol consumption, specifically did the evidence[,] viewed in a light most favorable to the Commonwealth as verdict winner and giving the Commonwealth the benefit of all reasonable inferences therefrom, establish the charge [of]

- 2 -

Driving Under the Influence of Alcohol, 75 [Pa.C.S.A. § 3802(a)(1)] beyond a reasonable doubt?

II. Was the [v]erdict contrary to the weight of the evidence in that the evidence preponderated sufficiently against the verdict so that a serious miscarriage of justice had resulted with respect to the conviction?

Appellant's Brief at 6.

In reviewing a claim challenging the sufficiency of the evidence, we apply the following standard:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Mollett**, 5 A.3d 291, 313 (Pa. Super. 2010) (internal quotations and citations omitted).

Appellant argues the Commonwealth failed to provide **sufficient** evidence to prove Appellant was substantially impaired for purposes of

- 3 -

Section 3802(a)(1).[1]  To this end, Appellant points to evidence in the record showing she was not substantially impaired to drive safely.  Appellant's Brief at 14-15.  The argument is misplaced, for several reasons.

Appellant's argument is a challenge to the weight of the evidence, not to the sufficiency of the evidence.  Appellant notes that Officer Rose testified that Appellant's "exit of the vehicle was normal, she was steady on her feet, she stood normally, she walked normally, and she was not disheveled in appearance."  Appellant's Brief at 14.  Appellant also avers Officer Rose "claimed" that Appellant "stepped off the line during the [walk and turn] test, but he could not recall at what step she allegedly stepped off the line nor could he recall where she allegedly missed heel to toe." *Id.*  "Ultimately, Officer Rose begrudgingly admitted that [Appellant] did more things right the evening of her arrest than she did wrong." *Id.* at 15.

Appellant is in essence asking this Court to reweigh the evidence against the Commonwealth, and make credibility determinations in her

---

[1] Section 3802, in relevant part, reads:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

- 4 -

favor. Such a position, however, is untenable in light of the sufficiency of the evidence standard of review. Under that standard, the evidence must be assessed in the light most favorable to the Commonwealth, as the verdict winner, not Appellant. **Mollett**, 5 A.3d at 313. Furthermore, this Court does not make credibility determinations and cannot reweigh the evidence. **Id.**

Nonetheless, Appellant argues the fact that "Officer Rose followed [Appellant] for a quarter of mile and at no time was [Appellant]'s driving to be erratic[,]" as proof she was not substantially impaired to drive. Appellant's Brief at 14. The argument is without merit.

> Evidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute. The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test. [**Commonwealth v. Palmer**, 751 A.2d 223 (Pa. Super. 2000)]; **see also Commonwealth v. Smith**, 831 A.2d 636 (Pa. Super. 2003).

**Commonwealth v. Mobley**, 14 A.3d 887, 890 (Pa. Super. 2011).

Applying the proper standard of review for a sufficiency claim, we agree with the trial court's finding that the evidence was in fact sufficient to find Appellant guilty of DUI—general impairment. Specifically, the trial court found:

> Corporal Rose reasonably noted concerns that drew his attention concerning [Appellant]'s driving[,] including stopping thirty feet before the stop line and switching lanes to pass his cruiser. . . . Once he encountered [Appellant], he detected the odor of alcohol and noticed that she had watery and glassy eyes and slurred speech . . . . He also perceived her face to be flushed. Although she passed the one-legged stand, she scored 6 of 8

clues on the walk-and-turn test for an unsatisfactory performance. Furthermore, she did admit to drinking that evening. Her BAC result was 0.80.

Trial Court Opinion, 3/27/14, at 5. Thus, we conclude the evidence was sufficient to support Appellant's conviction under 75 Pa.C.S.A. § 3802(a)(1).

Next, Appellant argues the guilty verdict was against the weight of the evidence. In support, Appellant relies on the same reasons advanced for her sufficiency of the evidence challenge. Appellant's Brief at 16. Appellant also argues the "**scope** of appellate review of an [o]rder denying a new trial on the basis of the weight of the evidence is **identical** to the **standard** employed by the trial court[.]" *Id.* (emphasis added).[2] Appellant concludes "the trial court simply accepted the officer's ultimate opinion that [Appellant]

---

[2] It appears that Appellant miscomprehends the distinction between our scope and standard of review. As shown above, Appellant refers to our scope of review and standard of review interchangeably. Scope of review and standard of review, however, are two distinct and separate concepts. Our Supreme Court noted:

> "Scope of review" and "standard of review" are often-albeit erroneously-used interchangeably. The two terms carry distinct meanings and should not be substituted for one another. "Scope of review" refers to "the confines within which an appellate court must conduct its examination." ***Coker v. S.M. Flickinger Company, Inc.,*** [] 625 A.2d 1181, 1186 ([Pa.] 1993). In other words, it refers to the *matters* (or "what") the appellate court is permitted to examine. In contrast, "standard of review" refers to the *manner* in which (or "how") that examination is conducted. In ***Coker*** we also referred to the standard of review as the "degree of scrutiny" that is to be applied.

***Morrison v. Dept. of Public Welfare***, 646 A.2d 565, 570 (Pa. 1994).

was incapable of safe driving when the facts revealed at trial did not support the officer's opinion." Appellant's Brief at 16.

Unfortunately, this claim is waived, for several reasons. A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either (1) orally on the record, before sentencing; (2) in a written-presentence motion; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). Failure to properly preserve the claim results in waiver, even if the trial court addresses the weight of the evidence in its opinion. **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)). It is axiomatic that a party cannot raise an issue for the first time on appeal. **See** Pa.R.A.P. 302(a).

Appellant did not provide any indication on how and when she raised and preserved her weight of the evidence claim for our review. Accordingly, her weight of the evidence claim is waived. **See** Pa.R.A.P. 2117(c), 2119(e); **see also Commonwealth v. Williams**, 980 A.2d 667, 671 (Pa. Super. 2009).[3] Additionally, "it is not the responsibility of this Court to scour

---

[3] In **Williams**, we noted:

> Pursuant to the Rules of Appellate Procedure, Appellant must specify where in the record this issue was preserved. **See** Pa.R.A.P. 2117(c) and 2119(e). In his brief, [a]ppellant does not indicate where the issue was preserved in the trial court, nor does he even allege that he raised the issue[.] Consequently,

*(Footnote Continued Next Page)*

- 7 -

the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." ***Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa. Super. 2008). Nonetheless, upon review of the record it appears Appellant did not raise this claim in a motion for a new trial with the trial court as required under Pa.R.Crim.P. 607(A).[4]

Appellant also does not appreciate the differences between a sufficiency of the evidence and a weight of the evidence claim, by failing to articulate any separate argument for her weight of the evidence claim. The

*(Footnote Continued)* ─────────

> we are constrained to deem this issue waived. ***See*** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

***Williams***, 980 A.2d at 671.

[4] At the close of the Commonwealth's case, but before the verdict, Appellant asked the trial court to "dismiss" the charges on sufficiency and weight of the evidence grounds. N.T. Trial, 9/4/13, at 68. It appears the next time Appellant challenged the weight of the evidence was in her Rule 1925(b) statement, which is insufficient for preserving it for appellate review. ***See Commonwealth v. Sherwood***, 982 A.2d 483 (Pa. 2009). In ***Sherwood***, the Supreme Court noted:

> Regarding [a]ppellant's weight of the evidence claim[,] we note that [a]ppellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. ***See*** Pa.R.Crim.P. 607(A). The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

***Id.*** at 494 (footnote omitted).

two challenges are not the same, and failure to recognize this distinction also may result in waiver. ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000); ***Commonwealth v. Birdseye***, 637 A.2d 1036, 1039-40 (Pa. Super. 1994) ("Because [appellants] failed to distinguish between their sufficiency and weight of the evidence claims and presented no argument regarding the weight of the evidence, we deem their weight of the evidence issue waived.").

Appellant finally ignores that the weight of evidence standard applied by appellate courts is not identical to the standard employed by the trial court, and failure to address the proper standard may result in a waiver of the weight of the evidence claim. ***See Commonwealth v. Johnson***, 985 A.2d 915, 926 (Pa. 2009).

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a **weight** claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the **weight** of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

[**Widmer**, 744 A.2d at 753] (emphasis added) [(internal citations omitted)].

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

[**Id.**] (quoting **Coker**[, 625 A.2d at 1184-85]).

**Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013).

Here, Appellant did not advance any argument on how the trial court abused its discretion in not granting a motion for a new trial (a motion she apparently never made) based upon a weight of the evidence claim. Appellant merely challenges the trial court's credibility determinations, which we cannot reweigh. **See Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. . . . This Court cannot substitute its judgment for that of the [finder of fact] on issues of credibility.") (citations omitted).

- 10 -

"Because Appellant fails to address the standard by which this Court reviews a weight of the evidence claim and makes no effort to demonstrate an abuse of discretion by the trial court," *Johnson*, 985 A.2d at 926, she is not entitled to any relief on her weight of the evidence claim.

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

Judge Jenkins concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015