J-S49043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH ROBERT CALAMAN, | |
| Appellant | No. 2162 MDA 2014 |

Appeal from the Judgment of Sentence of August 12, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000634-2014

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2015**

Appellant, Keith Robert Calaman, appeals from the judgment of sentence entered on August 12, 2014, as made final by the denial of his post-sentence motion on December 10, 2014.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

On November 14, 2013, Corporal Chester Dabrowski was operating a marked patrol car traveling north on Interstate 81.  At approximately 1:20 [a.m.,] he observed [Appellant]'s vehicle exiting a rest area and ultimately reaching a speed of 85 miles per hour as determined by the Corporal's speedometer.  As the Corporal was following [Appellant]'s vehicle in an effort to accurately ascertain the vehicle's speed, he observed [Appellant] go off the shoulder of the highway and nearly strike the guardrail and then drift back over across the center line and then back again to the shoulder.  At that point the Corporal initiated a traffic stop as he was concerned [Appellant] would crash.

When the Corporal approached [Appellant]'s vehicle and began to speak to him, he immediately noticed the strong odor of alcohol. The Corporal asked him how much he had to drink that night and [Appellant] replied, "too much." The Corporal did not, however, conduct a field sobriety test, as [Appellant] is a paraplegic who is unable to walk. Based on his many years of experience with intoxicated drivers, his observation of [Appellant], the strong odor of alcohol, and [Appellant]'s admission that he had had too much to drink, Corporal Dabrowski arrested [Appellant] on suspicion of driving under the influence.

Subsequent to arrest, Corporal Dabrowski transported [Appellant] to Carlisle Regional Medical Center to conduct a blood draw to determine [Appellant]'s blood alcohol level. At the hospital, the Corporal read [Appellant] the DL-26 form [i]mplied [c]onsent warnings regarding the consequences of a refusal of chemical testing. During his testimony on his own behalf, [Appellant] admitted he was read the warning[s]. [Following receipt of the warnings, Appellant refused to submit to chemical testing.] … Though it was never clearly articulated, the claimed basis for his refusal of chemical testing was due to [Appellant's] paralysis, he had problems with his veins that would prevent a normal blood draw.

Trial Court Opinion, 3/6/15, at 3-4 (internal alteration and footnotes omitted).

The relevant procedural history is as follows. On May 16, 2014, Appellant was charged via criminal information with two counts of DUI-general impairment[1] and seven summary offenses. The criminal information also alleged, as to one of the DUI charges, that Appellant refused chemical testing. On July 8, 2014, Appellant was convicted of all nine offenses. The jury also found that he refused chemical testing.

---

[1] 75 Pa.C.S.A. § 3502(a).

J-S49043-15

On August 12, 2014, Appellant was sentenced to an aggregate term of one to five years' imprisonment. On August 21, 2014, Appellant filed a post-sentence motion. On December 10, 2014, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[2]

Appellant presents one issue for our review:

Did the [trial] court err in not instructing the jury to also consider whether law[]enforcement informed [Appellant] of the requisite warnings and consequences [of refusing chemical testing]?

Appellant's Brief at 3.

In his lone issue on appeal, Appellant argues that the trial court erred by not instructing the jury properly regarding refusal to submit to chemical testing. Specifically, he argues that the trial court was required to instruct the jury that, in order to find that Appellant refused chemical testing, it must find that he was read the DL-26 form, which outlines the increased penalties for refusing to submit to chemical testing. Appellant argues that this presents a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Framing this contention as a

_____

[2] On December 19, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On January 5, 2015, Appellant filed his concise statement. On March 6, 2015, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

challenge to the legality of his sentence, Appellant asserts that his claim is not subject to waiver, even if he did not object to the jury instructions submitted to the jury.

We begin by outlining the legal background relevant to this case. In *Apprendi*, the Supreme Court of the United States held that any factor, other than a previous conviction, that increases the maximum penalty for an offense must be submitted to the jury and found beyond a reasonable doubt. *Id.* In this case, Appellant had three prior convictions for DUI (although only two of those counted for sentencing purposes). Therefore, Appellant's conviction for DUI would generally be a second degree-misdemeanor. 75 Pa.C.S.A. § 3803(a)(2). A second-degree misdemeanor carries a maximum penalty of two years' imprisonment. 18 Pa.C.S.A. § 106(b)(7). As Appellant was convicted of DUI with refusal, however, his DUI was graded as a first-degree misdemeanor. 75 Pa.C.S.A. § 3803(b)(4). A first-degree misdemeanor carries a maximum penalty of five years' imprisonment. 18 Pa.C.S.A. § 106(b)(6). As such, Appellant's refusal to submit to chemical testing was an element of the offense for purposes of the Sixth Amendment of the United States Constitution. Therefore, the Commonwealth was required to allege refusal in the criminal information and the jury was required to find Appellant refused chemical testing beyond a reasonable

doubt.[3] *See Commonwealth v. Mobley*, 14 A.3d 887 (Pa. Super. 2011).[4]

In *Commonwealth v. Barr*, 79 A.3d 668 (Pa. Super. 2013), this Court held that, in order to find that a defendant refused chemical testing, a jury must first find that the defendant was provided with the implied consent warnings. *Id.* at 672-677.

With that background in mind, we turn to whether Appellant presents an *Apprendi* claim or a jury instruction claim. This distinction is important in this case because, as Appellant concedes, he did not object to the jury instructions at trial. Appellant's Brief at 18. In order to preserve a claim that a jury instruction was erroneously given, the appellant must have objected to the charge at trial. *See Commonwealth v. Spotz*, 84 A.3d 294, 318 n.18 (Pa. 2014) (citations omitted); Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made

---

[3] We note that a jury determination was also required under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). As Appellant's right to a jury determination is the same under *Alleyne* and *Apprendi*, we only reference *Apprendi* in this memorandum.

[4] In *Mobley*, this Court held that DUI-refusal was not a separate crime from DUI-general impairment. *Mobley*, 14 A.3d at 891. Thus, the Commonwealth erred by charging Appellant with two counts of DUI – one with refusal and one without refusal. This error, however, was harmless as the two charges merged for sentencing. Nonetheless, we remind the parties of this Court's holding in *Mobley*.

thereto before the jury retires to deliberate."). Thus, Appellant's lone issue on appeal is waived if he raises a jury instruction claim. On the other hand, an **Apprendi** claim challenges the legality of a defendant's sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015) (citation omitted). "Challenges to an illegal sentence cannot be waived[.]" **Commonwealth v. Orie Melvin**, 103 A.3d 1, 52 (Pa. Super. 2014) (footnote and citation omitted). Thus, we may reach the merits of Appellant's lone issue if it is an **Apprendi** claim.

We conclude that Appellant raises a jury instruction claim and not an **Apprendi** claim. We find our analysis in **Barr** instructive. In **Barr**, the defendant sought an instruction that required the jury to find that the police had read the defendant his implied consent warnings in order to find that he refused chemical testing. The trial court denied the requested jury instruction and the jury charge did not instruct the jury that in order to find that the defendant refused chemical testing, they must find that the defendant had been read his implied consent warnings. Thereafter, the defendant was convicted of DUI – general impairment with refusal.

On appeal, this Court treated the defendant's claim as a challenge to the jury instructions and not a challenge to the legality of the defendant's sentence. **Barr**, 79 A.3d at 672. This Court ultimately found that the defendant was entitled to his requested jury charge under **Apprendi**. As noted, however, this Court viewed the issue through the lens of a challenge

to the trial court's jury instructions.  Barr had preserved the issue by timely objecting to the trial court's jury instructions.

This characterization of the issue is consistent with this Court and our Supreme Court's treatment of similar issues.  As noted in the procedural history of this case, **the jury found** that Appellant refused chemical testing.  As such, the jury found, beyond a reasonable doubt, every element of DUI-general impairment with refusal.  Appellant's argument is merely that the trial court's instruction on one element – the refusal element – was erroneous.  This argument is essentially the same as when a defendant argues that the trial court's instruction on any element of an offense was legally incorrect.  In both situations the jury finds that the element was satisfied beyond a reasonable doubt, thereby satisfying the Sixth Amendment's right to a jury trial.  Also, in both situations the defendant argues that the jury's determination was flawed because of an incorrect jury instruction.  In this latter case, when a defendant argues that the trial court's instruction on any element of an offense was legally incorrect, courts analyze the claim as a challenge to the trial court's jury instructions and not a challenge to the legality of the defendant's sentence.

For example, in **Commonwealth v. Thur**, 906 A.2d 552 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008), the defendant argued that the jury was incorrectly instructed regarding an element of the offense.  Specifically, the jury was instructed that it was required to find that the

defendant had a blood alcohol concentration of at least .08. ***Id.*** at 568. This instruction, however, was patently erroneous. ***See id.*** The defendant argued that this erroneous instruction deprived him of the right to a jury determination on every element of the offense. ***See id.*** Nonetheless, this Court held that the defendant waived his claim because he failed to object to the jury instruction at trial. ***Id.***

Similarly, in ***Commonwealth v. Burwell***, 58 A.3d 290 (Pa. Super. 2012), *appeal denied*, 69 A.3d 242 (Pa. 2013), the trial court incorrectly instructed the jury regarding serious bodily injury. ***Id.*** at 795. Specifically, the trial court did not permit the jury to determine if the victim's injuries amounted to serious bodily injury as it instructed the jury that "under the circumstances, it appears that the injuries suffered by the victim constitute serious bodily injury." ***Id.*** (internal alteration and citation omitted; emphasis removed). On appeal, the defendant argued that this instruction was flawed and deprived him of the right to a jury determination regarding serious bodily injury. Nonetheless, this Court found the issue waived as the defendant failed to object to the jury instruction at trial. ***Id.***

Finally, in ***Commonwealth v. Diggs***, 949 A.2d 873 (Pa. 2008), the defendant argued that the trial court erred by not re-instructing the jury on the elements of first-degree murder. ***Id.*** at 881. Therefore, he essentially argued that the jury was not required to find every element of first-degree murder beyond a reasonable doubt. Nonetheless, our Supreme Court

deemed his challenge waived because he failed to object to the jury instruction at trial.  ***See id.***

Thur, *Burwell*, and *Diggs* all indicate that an *Apprendi* claim is not raised when a jury finds, beyond a reasonable doubt, that a defendant committed every element of an offense based on incorrect jury instructions. Instead, ***Thur***, ***Burwell***, and ***Diggs*** all indicate that such a claim is a challenge to the trial court's jury instructions which must be raised at trial. This case is no different.  The jury found every element of DUI-general impairment with refusal even if the jury charge on refusal may have been erroneous.

For these reasons, we conclude that Appellant's lone issue on appeal is a challenge to the trial court's jury instructions and not an ***Apprendi*** claim. The jury found, beyond a reasonable doubt, that Appellant refused chemical testing thereby satisfying ***Apprendi***.  Appellant merely challenges the trial court's instruction regarding refusal.  As such, in order to preserve the issue for our review, Appellant was required to object to the jury instruction at trial.  As Appellant failed to object to the trial court's jury instruction at trial, he has waived his lone issue on appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015