J-S71018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE EL RIVERA ANDRADES, | |
| Appellant | No. 272 WDA 2015 |

Appeal from the Judgment of Sentence January 29, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001253-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 27, 2016**

Appellant, Jose El Rivera Andrades, appeals from the judgment of sentence[1] entered following his convictions of aggravated assault, terroristic threats, simple assault (2 counts), and recklessly endangering another person ("REAP").  We affirm.

The trial court summarized the factual history of this case as follows:

> On August 18, 2013, Appellant assaulted his then-girlfriend, Wanda Crespo at their residence. . . . .

_____

[1] We note that, inexplicably, the Commonwealth and Appellant indicate on the front pages of their briefs that this case involves an appeal from the dismissal of a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Moreover, the Commonwealth's brief sets forth the standard for review of a PCRA petition in the argument section of its brief.  As indicated by the record, Appellant has filed a direct appeal from entry of his judgment of sentence.

On that date, Appellant arrived home and Ms. Crespo observed that his speech was slurred, his face was "droopy", and he appeared "high". After she asked Appellant if he was taking her medication, Appellant became upset and hit Ms. Crespo in the face. Appellant then began strangling her to the point that she almost lost consciousness. Appellant also grabbed a knife and stabbed at the wall directly next to Ms. Crespo's face. During the assault, Appellant threatened to kill her.

After the assault, Appellant told Ms. Crespo not to tell anyone, or he would [ ] kill her and her family, starting with the young children first. Out of fear, Ms. Crespo waited approximately one week before she contacted police.

Trial Court Opinion, 5/12/15, at 1 (internal citations omitted).

Following a jury trial, Appellant was convicted of the afore-mentioned offenses. On January 29, 2015, Appellant was sentenced to a term of eighty to one-hundred-and-sixty months of incarceration at count 1 (aggravated assault) and a concurrent ten to twenty-four months of incarceration at count 4 (terroristic threats). The remaining counts merged for sentencing purposes.

Appellant filed a timely appeal.[2] Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Did the Lower Court ERR by allowing the jury to find the Appellant guilty of attempted Aggravated Assault when the evidence as submitted by the Commonwealth was insufficient to establish the elements of the charge?

---

[2] Although Appellant chose to represent himself at trial, Appellant has appointed appellate counsel.

II.    Did the Lower Court ERR in its' instructions to the jury on the charge of Attempted Aggravated Assault?

Appellant's Brief at 1 (verbatim).

In his first issue, Appellant argues that the evidence at trial was insufficient to establish that he was guilty of aggravated assault. Appellant's Brief at 4. Appellant asserts that although the victim's testimony established that Appellant hit and choked her, there was no testimony establishing that the victim suffered serious bodily injury. *Id.* Appellant further contends that the fact that there was no serious bodily injury to the victim at the time of or after the altercation "proves he did not have the requisite intent and therefore the evidence was insufficient to substantiate the jury's finding of guilt on the Attempted Aggravated Assault charge." *Id.* at 5.

Our standard of review for a sufficiency claim is well settled:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889-890 (Pa. Super. 2011).

Appellant was convicted of aggravated assault under 18 Pa.C.S. § 2702(a)(1), which provides as follows:

**Aggravated assault**

**(a) Offense defined.**--A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" is defined as:

> Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S. § 2301. "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012).

> Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result. As

intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

*Martuscelli*, 54 A.3d at 948 (internal citations and quotation marks omitted).

Testimony at trial established that after the victim questioned Appellant about taking the victim's medication, Appellant became very upset. N.T., 11/12/14, at 8. Appellant first started shouting and yelling at the victim, and then he proceeded to hit the victim in the face and strangle her. *Id.* at 9. While strangling the victim, Appellant pulled her to the floor. *Id.* Appellant threatened to kill the victim and mused aloud to the victim how easy it would be to kill her and get rid of her by putting her body in the trunk of the car. *Id.* After the victim was able to get up, the confrontation moved to the kitchen of the victim's home. *Id.* at 10. There, Appellant grabbed a knife and swung it at the victim, sticking the knife in the wall very close to the victim's face. *Id.* at 10.

Thus, the evidence of record supports the finding of an attempt to cause serious bodily injury. Appellant's actions of hitting, strangling, threatening, and aiming a knife at the victim's head constituted substantial steps toward causing serious bodily injury and reflected his intent to do so. Based on the totality of circumstances, we agree with the trial court's conclusion that there was sufficient evidence of record to support Appellant's

conviction of aggravated assault under 18 Pa.C.S. § 2702(a)(1). Appellant's first claim is meritless.

Appellant next argues that the trial court failed to properly instruct the jury on the "attempted aggravated assault" charge. Appellant's Brief at 6. Appellant maintains that the trial court's instructions on "attempted aggravated assault were not clear as to the two elements: intent to commit *serious* bodily injury and a substantial step toward *serious* bodily injury." *Id.* (emphasis in original). Accordingly, Appellant contends the verdict as to that charge should be vacated. *Id.*

We are precluded from addressing the merits of this claim because Appellant has waived this issue. To preserve error regarding jury instructions, a defendant must make a specific objection at trial. Pa.R.Crim.P. 647(B); Pa.R.A.P. 302(b). "A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." ***Commonwealth v. Charleston***, 16 A.3d 505, 527 (Pa. Super. 2011) (quoting ***Commonwealth v. Moury***, 992 A.2d 163, 178 (Pa. Super. 2010)). Here, Appellant failed to raise any objection to the jury charge at trial. N.T., 11/12/14, at 69, 72-74. Therefore, he has waived any claim of error to the charge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016