J-S36029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN RICHARD LOVE, | |
| Appellant | No. 3788 EDA 2016 |

Appeal from the Judgment of Sentence of November 2, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-0001744-2016

BEFORE:   PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                                    **FILED JULY 13, 2017**

Appellant, Bryan Richard Love, appeals from the judgment of sentence entered on November 2, 2016.  We affirm.

The factual background and procedural history of this case are as follows.  On March 12, 2016, between 2:00 and 3:00 a.m., Trooper William Everett pulled Appellant over after witnessing him driving behind another vehicle, with his high beams on, through a steady red light.  N.T. 8/22/16, at 11.  During the traffic stop, Trooper Everett noticed Appellant's eyes were glassy and bloodshot and his breath smelled of alcohol.  *Id.* at 14, 16. Appellant admitted to having had two beers that night.  *Id.* at 15.  Appellant was agitated throughout the stop and told Trooper Everett numerous times that he was nervous.  *Id.* at 41. Trooper Everett asked Appellant to perform a field sobriety test known as the walk and turn.  *Id.* at 20.   After

completing half the test, Appellant stopped and indicated he wanted Trooper Everett to take him to a hospital to have a blood test administered. *Id.* According to Trooper Everett, Appellant was unable to perform the walk and turn test properly. *Id.* at 27. At some point during the stop, Appellant informed Trooper Everett of a then-recent gunshot wound to his leg. *Id.* at 24. Trooper Everett arrested Appellant and took him to the Chester County Hospital for a blood test to determine his blood alcohol content. *Id.* at 21. The mobile video recorder ("MVR") in Trooper Everett's patrol vehicle recorded the entire stop. *Id.* at 10.

On June 3, 2016, the Commonwealth charged Appellant via criminal information with 14 offenses, including *inter alia*, driving under the influence-general impairment ("DUI-general impairment"),[1] traffic-control signals,[2] and use of multiple beam road lighting equipment.[3] On July 29, 2016, Appellant filed a motion to suppress evidence. On August 12, 2016, Appellant filed a supplemental motion to suppress the blood test results. On August 22, 2016, the trial court conducted a suppression hearing to determine the admissibility of the blood test results. In light of the Supreme Court of the United States' decision in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), the trial court suppressed the blood test results. On

_____

[1] 75 Pa. C.S.A. § 3802(a)(1).

[2] 75 Pa. C.S.A. § 3112(a)(3)(i).

[3] 75 Pa. C.S.A. § 4306(a).

October 25, 2016, the parties proceeded to a stipulated fact non-jury trial. The parties stipulated to the facts found during the suppression hearing, the admission of the MVR recording, and the date of Appellant's gunshot wound. N.T., 10/25/16, at 5, 9. Moreover, the parties stipulated that, if called to testify, Trooper Everett would state that based on his experience and training, he believed Appellant was inebriated past the point of safe driving at the time of his arrest. *Id.* at 8.

The trial court found Appellant guilty of DUI-general impairment, traffic control signals, and use of multiple beam road lighting equipment. The Commonwealth withdrew the remaining 11 charges. The trial court immediately sentenced Appellant to an aggregate term of one to six months' incarceration. This timely appeal followed.[4]

Appellant presents one issue for our review:

Did the trial court, sitting without a jury, err in finding sufficient evidence to convict Appellant on the charge of [DUI-general impairment]?

---

[4] On December 7, 2016, the trial court ordered Appellant to file his concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On January 6, 2017, Appellant filed his concise statement. On January 23, 2017, the trial court issued a Rule 1925(a) opinion. In its 1925(a) opinion, the trial court suggests that Appellant's sufficiency of the evidence claim is waived for lack of specificity in that, "[Appellant] has failed to identify the element or elements which he claims are insufficiently supported by the record[.]" Trial Court Opinion, 1/23/17, at 8. However, a sufficiency challenge will not be deemed waived in a rather straightforward case, in which the trial court is able to discern the appellant's claim and address it in detail. *Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007). As this is such a case, we decline to find Appellant's sufficiency challenge waived.

Appellant's Brief at 2.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa. Super. 2017) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact–finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Williams**, 153 A.3d 372, 375 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Kennedy**, 151 A.3d 1117, 1121 (Pa. Super. 2016) (citation omitted).

In order to sustain a DUI-general impairment conviction, "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Eichler**, 133 A.3d 775, 790 (Pa. Super. 2016), *appeal denied*, 2016 WL 6883294 (Pa. Nov. 22, 2016). Appellant concedes that he was driving, operating or in physical control of the vehicle. Therefore, we must only determine whether there

was sufficient evidence to prove he was intoxicated to the point of being incapable of safe driving.

Our Supreme Court has established,

> [t]he types of evidence that the Commonwealth may proffer in a [DUI-general impairment] prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

**Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009).

Appellant makes a great deal of the fact that Trooper Everett followed Appellant for one-half mile before initiating the traffic stop and did not witness any swerving or reckless driving during that time. Appellant's Brief at 17, 21. However, evidence of erratic driving is not necessary to a finding of guilt under the statute, it is only one factor that the factfinder may consider. **Commonwealth v. Mobley**, 14 A.3d 887, 890 (Pa. Super. 2011) (citation omitted).

Appellant contends that his use of the high beams and failure to stop at the red light are not indicia of intoxication. Appellant's Brief at 21. We disagree. In the instant case, Appellant drove through a steady red light, with his high beams activated, after 2:00 a.m., in plain view of a marked police vehicle. That type of driving leads to the reasonable inference that Appellant was intoxicated. **See Commonwealth v. Stanley**, 629 A.2d 940, 943 (Pa. Super. 1993) ("These observations [alcohol on the breath and

glassy, bloodshot eyes], combined with the officer's testimony that he saw appellant run a red light, clearly are sufficient to convict on the charge of DUI/incapable of safe driving.").

Furthermore, Appellant had glassy and bloodshot eyes, smelled of alcohol, admitted to having been drinking, conducted himself in an agitated manner, and was unable to pass the walk and turn field sobriety test. He argues that his eyes were bloodshot because he worked more than 50 hours that week and that his inability to perform the walk and turn test was a result of a gunshot wound to his leg. Appellant's Brief at 19. However, Appellant smelled of alcohol, so it was reasonable to infer that his bloodshot and glassy eyes were a result of his drinking. Appellant did not indicate to Trooper Everett that the gunshot wound was the reason for his problems with the walk and turn test. Moreover, Appellant did not have a problem getting out of the car or walking to the back of the car to perform the field sobriety tests. His leg did not prevent him from walking normally, or feeling comfortable enough to drive, so it does not excuse his inability to perform the sobriety test. *See Segida*, 985 A.2d at 879 (the Commonwealth may offer evidence of failure to pass a field sobriety test and physical signs of intoxication, *e.g.*, odor of alcohol, or bloodshot eyes, as proof the defendant was incapable of safe driving).

Additionally, Appellant told Trooper Everett that he was headed to the Brickette to pick up his car and had missed the exit, but his girlfriend

- 6 -

testified that they were on their way to her home in Frazer. N.T. 8/22/16, at 14, 15, 60. Either way, Appellant had missed the appropriate exit, which is another indication of his impaired state. Finally, at trial, the parties stipulated that if called to testify, Trooper Everett would testify that based on his training and experience, he believed Appellant was impaired to the point that he was incapable of safe driving. After reviewing the evidence in a light most favorable to the Commonwealth, we conclude the evidence was sufficient to support Appellant's conviction.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2017