J-S52006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD LEE WELLER, | |
| Appellant | No. 1977 MDA 2017 |

Appeal from the Judgment of Sentence Entered November 21, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000984-2017

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED SEPTEMBER 19, 2018**

Appellant, Ronald Lee Weller, appeals from the judgment of sentence of, *inter alia*, 3 to 6 months' imprisonment, imposed after he was convicted of driving under the influence of alcohol or controlled substance (DUI) – general impairment, 75 Pa.C.S. § 3802(a)(1); DUI - high rate of alcohol, 75 Pa.C.S. § 3802(b); and three counts of DUI – controlled substances, 75 Pa.C.S. § 3802(d)(1)(i), (2), (3).  We affirm.

The trial court provided the following factual summary of this case:

On the evening of October 8, 2016, a manager of the Sheetz store in Shippensburg called police to report a patron[,] who appeared intoxicated[,] driving away.  Shippensburg Police Officer Malynda Garcia received the report of an active DUI.  She happened to be only 500 feet away at the time so she arrived at the Sheetz within minutes.  As she pulled up to the intersection, the Sheetz employee was standing outside of the store and he pointed out

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant's] van as the vehicle being driven by an apparently intoxicated person. Due to traffic, another officer initiated a traffic stop of [Appellant], though Officer Garcia arrived shortly thereafter. She observed [Appellant] to have bloodshot, glassy eyes, and she could smell the odor of alcohol coming from his person. When he exited the vehicle, [Appellant] stumbled. While he attempted to perform standard field sobriety tests[, he] was unsteady and swaying. Due to safety concerns caused by oncoming traffic and [Appellant's] lack of balance, Officer Garcia stopped the tests. At that point, she adjudged [Appellant] to be [committing] DUI and placed him under arrest. [Appellant] consented to a legal blood draw that returned a blood alcohol concentration of [0].156[%] and [he] also tested positive for THC, the active ingredient in marijuana.

Trial Court Opinion (TCO), 2/21/2018, at 1-2.

Following a nonjury trial, Appellant was convicted of the above-stated offenses.[1] He subsequently filed a timely notice of appeal, and timely complied with the trial court's instruction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant presents the following issue for our review:

Did the court err when it concluded that the evidence provided by the Commonwealth was sufficient to find … Appellant guilty of the charges against him?

Appellant's Brief at 5 (unnecessary emphasis and capitalization omitted).

While Appellant purports to challenge the sufficiency of the evidence underlying all of his convictions, the only specific sufficiency argument Appellant makes is that "the Commonwealth failed to present sufficient

_____

[1] We note that Appellant filed a motion to suppress prior to trial, wherein he argued, *inter alia*, that the traffic stop was illegal. **See** Appellant's Omnibus Pretrial Motion, 8/10/2017, at ¶ 7. The trial court denied this motion in all respects at Appellant's nonjury trial. **See** N.T. Trial, 8/22/2017, at 58.

evidence that [he] was driving a vehicle while under the influence of alcohol to the degree he was 'incapable of safe driving'" under 75 Pa.C.S. § 3802(a)(1). **See** Appellant's Brief at 10; **see also id.** at 9.[2] Appellant asserts that he was not driving erratically, and points out that Officer Garcia admitted that she did not observe him violating any other provisions of the Motor Vehicle Code. **Id.** at 11 (citing N.T. at 27).

> We apply the following standard of review to sufficiency claims:
>
> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Teems**, 74 A.3d 142, 144-45 (Pa. Super. 2013) (citation omitted).

---

[2] Although Appellant states that the Commonwealth's evidence was insufficient to prove all elements of each of his remaining convictions, **see** Appellant's Brief at 9, 10, he does not specifically discuss which elements the Commonwealth failed to prove with respect to those crimes. We therefore deem Appellant's sufficiency claims waived as they pertain to his other offenses. **Commonwealth v. Quel**, 27 A.3d 1033, 1042 (Pa. Super. 2011) ("As [the a]ppellant has failed to develop these claims properly by specifically discussing the elements of the crime and those which the Commonwealth failed to prove, [the a]ppellant has waived these claims for lack of development.").

Subsection 3802(a)(1) provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). "Subsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Teems*, 74 A.3d at 145 (original brackets and citation omitted). Further, we acknowledge that:

> Section 3802(a)(1) … is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving…. The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. … The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.* (citation omitted).  We further note that "[e]vidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute." ***Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa. Super. 2011).

In the case *sub judice*, a Sheetz employee testified at trial that Appellant was "stumbling around" in the store and bumped into "a chip rack."  ***See*** N.T. at 8-9.  Believing Appellant was intoxicated, the employee called police after seeing Appellant leave the store and get in his car.  *Id.* at 3-4.  Appellant conceded at trial that he had stopped to buy gas at this Sheetz on the evening in question, went inside to pay, and then got in his vehicle and left.  *Id.* at 43, 45.  After leaving Sheetz, Appellant explained he was on his way to "meet a lady friend" when police pulled him over.  *Id.* at 43-44.  When Officer Garcia made contact with Appellant, she testified that she could smell alcohol on him, and his eyes "were bloodshot and glassy."  ***See id.*** at 13.  Officer Garcia asked Appellant to get out of his vehicle, and Appellant "kind of stumbled a little bit. … He kind of did a two-step as we got to the rear of his vehicle."  *Id.* at 13-14.  Officer Garcia asked Appellant to perform standard field sobriety tests, but had to discontinue them because Appellant was "swaying" and "there was oncoming traffic."  *Id.* at 16; ***see also id.*** at 14.  Appellant consented to a blood draw, and Officer Garcia took him to the hospital, where he "kept passing out" and dozing off.  *Id.* at 17-18.  The results of the blood draw showed Appellant's blood alcohol level was 0.156% and he tested positive for THC.  *Id.* at 19.  Viewing this evidence in the light most favorable to the

Commonwealth as the verdict winner, **Teems, supra**, we deem this evidence sufficient to sustain Appellant's conviction under Subsection 3802(a)(1).[3]

Judgment of sentence affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/19/2018

---

[3] Appellant's brief largely consists of arguments regarding whether Officer Garcia or her partner had probable cause or reasonable suspicion to stop his vehicle on the night in question. **See, e.g.**, Appellant's Brief at 9, 11-15. However, because Appellant did not raise this issue in his Rule 1925(b) statement, nor in his statement of the questions involved, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").