J-S68033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CORY HOUGHTON, | |
| Appellant | No. 569 EDA 2014 |

Appeal from the Judgment of Sentence Entered on February 11, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003830-2012

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

CONCURRING MEMORANDUM BY JENKINS, J.:  **FILED DECEMBER 09, 2014**

I respectfully concur in the result.

In my view, the trial court erred by denying Houghton's motion to suppress.  The moment of arrest occurred when Officer McCarthy stated: "No, you don't [get to go home after taking a portable breath test] because you didn't do well on the other tests."  At that point, Officer McCarthy signaled his intention to take Houghton into custody, and a reasonable person would not have felt free to leave.  Following arrest, Officer McCarthy did not give Houghton the required **_Miranda_** warnings.  Thus, Houghton's response to the officer's refusal to permit Houghton to go home – "I just chugged three beers before I left.  If I take the [portable breath test], I'm not going to pass it" – should have been suppressed as a non-**_Mirandized_** inculpatory statement prompted by custodial interrogation.

Nevertheless, I consider the trial court's error to be harmless. Even without the "chugging" statement, the evidence remains sufficient to sustain Houghton's conviction under 75 Pa.C.S. § 3802(a)(1). The remaining evidence establishes that (a) Houghton violated the Motor Vehicle Code by having his high beams activated while passing Officer McCarthy; (2) Officer McCarthy detected a strong odor of alcohol on Houghton's person and saw that he had bloodshot, glassy eyes; (c) Houghton failed two of three field sobriety tests; and (d) he refused to submit to a test of his blood alcohol content at the hospital[1]. This evidence resembles other decisions in which this Court has found the evidence sufficient to sustain the defendant's conviction under section 3802(a)(1). *See, e.g., Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa.Super.2011) (defendant failed to stop at stop sign even though police officer's cruiser was in full view, defendant failed four field sobriety tests and was unable to recite alphabet, and officer observed strong odor of alcohol emanating from defendant's vehicle and defendant's slurred speech); *Commonwealth v. Smith*, 904 A.2d 30, 38 (Pa.Super.2006) (defendant drove onto grassy median, drove in wrong lane

---

[1] Although this refusal took place after Houghton's arrest, it remains admissible because it was not the product of a non-*Mirandized* custodial interrogation. Moreover, in this appeal, Houghton only challenges the court's refusal to suppress his "chugging" statement, not his statement refusing a blood test.

of traffic, smelled of alcohol, was unsteady on her feet, was combative, failed field sobriety tests, and refused blood alcohol test).

Thus, I concur for the reason that the admissible evidence demonstrates that Houghton drove or operated his vehicle after imbibing a sufficient amount of alcohol to render him incapable of driving his vehicle safely.