J-S32027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
VALESKA BEATRIZ CORDOBA         :
                                :
            Appellant           :    No. 525 WDA 2021

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Westmoreland County
Criminal Division at CP-65-CR-0003386-2019

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: NOVEMBER 19, 2021**

Valeska Beatriz Cordoba (Appellant) appeals from the judgment of
sentence imposed after the trial court found her guilty of driving under the
influence of a controlled substance (DUI) – general impairment.[1]  We affirm.

The trial court summarized the facts as follows:

> On April 20, 2019, at approximately 7:30 p.m., [New Kensington
> Police Sergeant Kevin] Hess was dispatched to the scene of a
> single vehicle collision, involving a tree that had fallen onto
> [Appellant's] vehicle.  As he spoke with [Appellant], who was
> standing outside of her car with her passenger, Sergeant Hess
> detected the odor of marijuana on [Appellant's] breath.  There
> was also a "very pungent" odor of marijuana coming from inside
> of the vehicle.  [Appellant] advised [Sergeant Hess] that she had
> a medical marijuana card and that she had smoked earlier in the
> morning.  He asked her to perform field sobriety tests, and she
> agreed. …

* * *

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

Based on the odor of marijuana, [Appellant's] admissions, and those test results, Sergeant Hess concluded [Appellant] was under the influence of marijuana to a degree which impaired her ability to safely operate her vehicle. He placed her under arrest and read her the DL-26 implied consent warnings. After receiving the written warnings from Sergeant Hess, [Appellant] consented to blood testing. She was then transported to Allegheny Valley Hospital, where her blood was drawn. The blood test revealed that she had Delta-9 THC – the active ingredient of marijuana – as well as 11 Hydroxy Delta-9 THC and Delta-9 Carboxy THC – active and inactive metabolites respectively – in her system at the time of the test.

Trial Court Opinion, 3/19/21, at 3-5 (record citations omitted).

The Commonwealth charged Appellant with DUI – general impairment.[2]

She was convicted following a non-jury trial on November 9, 2020, after which the trial court sentenced her to 6 months of probation. Appellant filed a timely post-sentence motion, which the trial court denied on March 19, 2021. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for review:

WAS THE VERDICT OF GUILTY TO 75 Pa.C.S. § 3802(d)(2), OPERATING A MOTOR VEHICLE AFTER CONSUMING A CONTROLLED SUBSTANCE SUPPORTED BY SUFFICIENT EVIDENCE?

Appellant's Brief at 4.

---

[2] Appellant "was originally charged with violating 75 Pa.C.S.A. § 3802(d)(1) as well, but the Commonwealth agreed to dismiss the charge prior to the non-jury trial because [Appellant] provided proof that she had been prescribed marijuana." Trial Court Opinion, 3/19/21, at 1 n.1. **See also** N.T., 11/9/20, at 2.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768 (Pa. Super. 2019) (citation omitted).

Appellant argues her conviction was not supported by sufficient evidence, where the evidence,

consisted of [Sergeant Hess's] subjective opinions regarding the failure of field sobriety tests, the presence of marijuana metabolites due to the Appellant's use of medical marijuana earlier in the morning and [Sergeant Hess's] opinion that the Appellant's in-court demeanor differed from her demeanor on the day her vehicle was suddenly struck by a falling tree.

Appellant's Brief at 6. Appellant further asserts the Commonwealth should have introduced expert testimony "to establish a viable link between the presence of the marijuana metabolites and the Appellant's ability to operate the vehicle safely." *Id.* She continues:

- 3 -

> In this case the Commonwealth submitted the *subjective* opinion of the Officer after field sobriety tests of an individual who was using medical marijuana to treat post-traumatic stress disorder. There no [*sic*] other indicia observed by or reported to the officer surrounding the incident in question. All indications were that the Appellant was operating her vehicle safely when it was struck by a falling tree. She testified that her affliction caused an immediate and intense reaction to the episode that prevented her from completing the tests to the satisfaction of the Officer.

*Id.* at 11 (italics in original).

The record belies Appellant's argument. As stated above, the Commonwealth may sustain its burden of proving every element of the crime by "wholly circumstantial evidence," and the fact finder "is free to believe all, part or none of the evidence." *Leaner, supra*.

Appellant was convicted under the following section of the Motor Vehicle Code:

> **(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances: …
>
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

"Section 3802(d)(2) does not require that any amount or specific quantity of the drug be proven in order to successfully prosecute." *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa. Super. 2008) (emphasis and citation omitted). Rather, Section 3802(d)(2) requires the

Commonwealth prove the defendant was "under the influence of a drug to a degree that impairs his or her ability to safely drive[] or operate a vehicle." *Id.* (citation omitted). The Pennsylvania Supreme Court has "determined that expert testimony is not necessary to establish impairment under subsection 3802(d)(2) where there exists other independent evidence of impairment." *Commonwealth v. Gause*, 164 A.3d 532, 538 (Pa. Super. 2017) (citing *Commonwealth v. Griffith*, 32 A.3d 123 (Pa. 2011)). Likewise, "[e]vidence of erratic driving is not a necessary precursor to a finding of guilty under [section 3802(d)(2)]." *Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) (citations omitted). "The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test." *Id.* (citations omitted).

Upon review, we are unpersuaded by Appellant's argument. The evidence presented at trial, in conjunction with applicable law, supports the trial court's guilty verdict. Moreover, the Honorable Scott O. Mears, Jr., sitting as the trial court, has authored a comprehensive opinion which we adopt and incorporate in this decision. *See, e.g.*, Trial Court Opinion, 3/19/21, at 6 (concluding evidence was sufficient where Sergeant Hess credibly testified to his "extensive [Advanced Roadside Impaired Driving Enforcement] training, experience from over 170 DUI arrests, smell of marijuana from [Appellant's] person, and observation of [her] failure of four of the field sobriety tests," as well as the "results of the laboratory testing, which showed the presence of

THC, the active ingredient in marijuana.").

The trial court further explained:

> The court found that Sergeant Hess, unlike [Appellant], was a credible witness. He was confident and informative, and his testimony was consistent with the other facts in the case. [Appellant], on the other hand, did not have a clear recollection of her performance during the field sobriety tests, and her testimony was self-serving. She testified that to the extent she failed her field sobriety tests, it was because she suffered from post-traumatic stress disorder. However, she never mentioned this when Sergeant Hess asked her about adverse medical conditions prior to the testing.

Trial Court Opinion, 3/19/21, at 7 (citations to notes of testimony omitted).

Consistent with the foregoing, we adopt Judge Mears' opinion as our own in disposing of this appeal. The parties shall attach a copy of the trial court's March 19, 2021 opinion in the event of further proceedings relevant to this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                            )
         VS.              )    No. 3386 C 2019
                            )
VALESKA CORDOBA,          )
                 Defendant.    )

## MEMORANDUM IN LIEU OF
## STATEMENT OF THE COURT PURSUANT TO Pa.R.A.P. 1925(a)

AND NOW, to wit, this 3rd day of May, 2021, it appearing to the Court that the Defendant has filed a timely Notice of Appeal from the Court's judgment of sentence, entered on November 9, 2020 and Order denying Defendant's Post-Sentence Motion, entered on March 19, 2021, and that the Defendant has filed a Concise Statement of Matters Complained of on Appeal, pursuant to Rule 1925(a) of the Rules of Appellate Procedure, the reasons for the Court's decisions are set forth in the Opinion and Order, dated March 19, 2021, a copy of which is attached hereto.

As the Defendant's post-sentence motion averred that the verdict was not supported by sufficient evidence, the appellate court's standard of review requires an evaluation the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." Commonwealth v. DiPanfilo, 993 A.2d 1262, 1264 (Pa.Super. 2010).

42

BY THE COURT:

_____
Scott O. Mears, Judge

ATTEST:

_____
Clerk of Court

cc: File
    Leo Ciaramitaro, Esq. District Attorney's Office
    John Sweeney, Esq., Public Defender's Office
    Clerk of Court

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA ) 
) 
VS. ) No. 3386 C 2019 
) 
VALESKA CORDOBA, ) 
Defendant. )

## OPINION AND ORDER

AND NOW, to wit, this 19th day of March, 2021, following the Court's review and consideration of the transcript of the non-jury trial that took place on November 9, 2020, Defendant's Post Sentence Motion that was filed on November 30, 2020, Defendant's Brief in Support of Post Sentence Motion that was filed on February 8, 2021, and the Commonwealth's Brief in Opposition to Defendant's Post-Sentence Motion that was filed on March 8, 2021, the Court sets forth the following Opinion and Order.

## OPINION

Following a non-jury trial that took place on November 9, 2020, the Defendant was convicted of violating 75 Pa.C.S.A. §3802(d)(2), Driving Under the Influence of Alcohol or Controlled Substance, an ungraded misdemeanor.[1] Sentencing took place immediately thereafter. The Defendant timely filed a Post Sentence Motion and Brief in Support, raising the issue of whether there was sufficient evidence to support the conviction.

The appellate courts' "…standard of review of sufficiency claims requires that [they] evaluate the record in the light most favorable to the verdict winner giving the prosecution the

---

[1] The Defendant was originally charged with violating 75 Pa.C.S.A. §3802(d)(1) as well, but the Commonwealth agreed to dismiss this charge prior to the non-jury trial because the Defendant provided proof that she had been prescribed marijuana.

1

benefit of all reasonable inferences to be drawn from the evidence." Commonwealth v. DiPanfilo, 993 A.2d 1262, 1264 (Pa.Super. 2010).

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the fact finder; if the record contains support for the conviction they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."

Commonwealth v. Mobley, 14 A.3d 887, 889-890 (Pa.Super.2011) (quoting

Commonwealth v. Mollett, 5 A.3d 291, 313 (Pa.Super. 2010) (internal quotations and

citations omitted in original)).

The material elements of 75 Pa.C.S.A. §3802(d)(2) are as follows:

> (d) Controlled substances - An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

*****

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of a vehicle."

"[T]o convict a defendant of a §3802 (d)(2) offense, the Commonwealth only had to prove

that, while driving or operating a vehicle, an individual was under the influence of a drug to a

degree that impaired his or her ability to safely drive or operate a vehicle." Commonwealth v.

Williamson, 962 A.2d 1200, 1204 (Pa.Super. 2008). No specific quantity of a drug need be

present in a defendant's blood stream or urine. Id. It is not necessary for the Commonwealth to

2

present expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug, even if it is a prescription drug, or drug combination. Id. at 1238.

In Commonwealth v. Griffith, 32 A.3d 1231 (Pa. 2011), the court found sufficient evidence for conviction of a §3802(d)(2) offense, despite the absence of expert testimony, because "an experienced police officer closely observed Appellee's behavior, demeanor, unsteadiness, and inability to perform field sobriety tests, all of which led him to request laboratory tests for the detection of controlled substances in Appellee's blood." Id. at 1240. Based on the officer's observations of the defendant during the traffic stop and on the results of blood tests performed at the officer's request, which revealed the presence of therapeutic concentrations of the prescription drugs, Diazepam and Nordiazepam, in the defendant's blood, the Court held that there was sufficient evidence to establish, beyond a reasonable doubt, that the defendant violated §3802(d)(2). Id.

The facts of the instant case are similar to those in Griffith. Patrol Sargent Kevin Hess, of the New Kensington Police Department, was the sole witness for the Commonwealth during the non-jury trial on November 9, 2020. Sargent Hess testified that based upon his experience (over 170 DUI arrests, half of which involved controlled substances) and training in Standardized Field Sobriety Testing and Advanced Roadside Impaired Driving Enforcement (ARIDE), he is familiar with the signs of someone who is under the influence of a controlled substance. (N.J.T. Tr., Nov. 9, 2020, 3:24 – 5:7).

On April 20, 2019, at approximately 7:30p.m., Sergeant Hess was dispatched to the scene of a single vehicle collision, involving a tree that had fallen onto the Defendant's vehicle. (Id. at 5:14–24). As he spoke with the Defendant, who was standing outside of her car with her passenger, Sergeant Hess detected the odor of marijuana on her breath. (Id. at 7:18-23). There

3

was also a "very pungent" odor of marijuana coming from inside of the vehicle. (Id. at 25:28-9). She advised the officer that she had a medical marijuana card and that she had smoked earlier in the morning. (Id. at 8:22 – 9: 8). He asked her to perform field sobriety tests, and she agreed. (Id. at 8:19-21). She underwent the horizontal gaze nystagmus test; the eye convergence test; the nine-step heel-to-toe test; the one-leg stand test, and the Romberg balance test. The Sergeant testified specifically about the latter four (4) tests.[2] (Id. at 10:24 – 19:4). During the eye convergence test, Sergeant Hess observed that

> there was absolutely no eye movement at all. When she tracked the stimulus around the circular motions, when I came in towards her nose, her eyes stayed straight. They never crossed.

(Id. at 12:18-21). During the nine-step heel-to-toe test, the sergeant observed that the Defendant:

> missed the heel-to-toe steps on 2, 5, and 9, and she took an additional step on 10. Then she paused before the turn. She made a turn to the right, and then began her second set of nine heel-to-toe steps, and she missed heel-to-toe steps on steps 3, 5, 6, 7, and 9. She also tripped on her own feet on step 5 and step 6, where she stepped off the line and had to raise her arms to regain balance.

(Id. at 14:16-24). For the one-leg stand test, the Defendant was told to keep her hands at her side and raise the foot of her choice six (6) inches off of the ground, while counting aloud. The Defendant raised her right foot and

> lost her balance and actually put her foot down on her counts of 4, 10, 11, and 12 seconds. At the 10- second mark she lost her balance and had to raise her arms. She did a little hop step to try to regain her balance before putting her foot down. She counted to a total of 13 and stopped using the thousand count on the count of 7. The actual time of the test was 30 seconds.

(Id. at 16:12-23). During the final test, the Romberg balance test, the Sergeant observed three indicators:

---

[2] The horizontal gaze nystagmus test is not admissible unless "an adequate foundation be set forth establishing that [horizontal gaze nystagmus] testing is generally accepted in the scientific community." Commonwealth v. Stringer, 678 A.2d 1200, 1203 (Pa. Super. 1996). Perhaps for this reason, the Assistant District Attorney did not ask that Sergeant Hess describe the results of that test but rather stated, "[l]et's skip the horizontal gaze nystagmus." (N.J.T. Tr., Nov. 9, 2020, 10:22-25). This specific testing did not factor into the Court's decision in this matter.

4

One was eyelid tremors, which is a result usually of smoking marijuana, having active marijuana metabolites in your system, and that's where your eyes are actually fluttering while they're closed. The second was a front-to-back sway of approximately 2 inches. And the third was her count of 30 actual seconds was timed at 19.01 seconds, which is actually faster than the standard range."

(Id., 18:4-11).

Based on the odor of marijuana, the Defendant's admissions, and those test results, Sergeant Hess concluded that the Defendant was under the influence of marijuana to a degree which impaired her ability to safely operate her vehicle. (Id. at 19:5-11.) He placed her under arrest and read her the DL-26 implied consent warnings. (Id. at 19:16-24.) After receiving the written warnings from Sergeant Hess, the Defendant consented to blood testing. (Id.) She was then transported to Allegheny Valley Hospital, where her blood was drawn. (Id. at 19:25 – 20:3). The blood test revealed that she had Delta-9 THC - the active ingredient of marijuana – as well as 11 Hydroxy Delta-9 THC and Delta-9 Carboxy THC – active and inactive metabolites respectively - in her system at the time of the test. (See NMS Labs Rep., Apr. 30, 2019, 2, Cmwlth. Ex.1).[3]

"The trial court need not preclude every possibility of innocence, and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." DiPanfilo, 993 A.2d at 1269 (quoting Griffith, 32 A.3d at 1234). Clearly, there is sufficient evidence establishing the material elements of §3802(d)(2). "Evidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute." Commonwealth v. Mobley, 14 A.3d 887, 890 (Pa.Super. 2011). "The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test." Id. Expert testimony is not necessary to prove a causal relationship between the ingestion of a controlled substance and the

---

[3] The parties stipulated to the admission of this laboratory report.

defendant's impairment. See Griffith, 32 A.3d at 1240. Based on his extensive ARIDE training, experience from over 170 DUI arrests, smell of marijuana from the Defendant's person, and observation of failure of four of the field sobriety tests, Sergeant Hess concluded that she was incapable of safe driving due to her earlier ingestion of marijuana in violation of §3802(d). His conclusion was confirmed by the results of the laboratory testing, which showed presence of the THC, the active ingredient in marijuana.

The Defendant claims that the Superior Court's holding in Commonwealth v. Etchinson, 916 A.2d 1169 (Pa.Super. 2007), precludes a conviction. In that case, the Defendant was stopped following a traffic violation, failed field sobriety tests, and was then taken for a blood test which showed the presence of cannabinoid metabolites in his system. Id. at 1170. He was charged with Driving Under the Influence, and the case proceeded to trial. "[T]he Commonwealth's expert witness testified under cross-examination that the presence of metabolites is not an indication of present impairment but only that the substance was ingested sometime previously." Id. at 1172. (citations omitted). In fact, "the Commonwealth presented no evidence to support a conclusion that the [Defendant] was under the influence of a drug or combination of drugs at the time he was stopped, such that his ability to drive was impaired." Id. The Court therefore reversed his conviction under 75 Pa.C.S.A. §3802(d)(2). Id. at 1174. However, that case is distinguishable from the present case. Here, THC, the active ingredient of marijuana, was found in the Defendant's blood as opposed to mere metabolites. Furthermore, in the present case, Sergeant Hess smelled marijuana on the Defendant's person. There was no indication of a scent of marijuana being present during the stop in the Etchinson case. For all the fact finder knew, the Defendant in that case could have last taken that drug three (3) weeks earlier. The Commonwealth's case here is much stronger, and the scenario is much more akin to Griffith.

6

"In a nonjury trial, the trial court is the finder of fact and the sole judge of credibility." Costa v. City of Allentown, 153 A.3d 1159, 1168 (Pa.Commw. Ct. 2017) (citations omitted). "In determining the weight to be attached to the testimony of a witness it is proper to consider his appearance, general bearing, conduct on the stand, demeanor, manner of testifying, such as candor or frankness, or the clearness of his statements, and even the intonation of his voice." In re Gatson's Estate, 62 A.2d 904, 908 (Pa. 1949). The Court found that Sergeant Hess, unlike the Defendant, was a credible witness. He was confident and informative, and his testimony was consistent with the other facts in the case. The Defendant, on the other hand, did not have a clear recollection of her performance during the field sobriety tests, and her testimony was self-serving. (N.J.T. Tr., Nov. 9, 2020, 51:7 – 56:1). She testified that to the extent she failed her field sobriety tests, it was because she suffered from post-traumatic stress disorder. (Id. at 46:6 – 47:14). However, she never mentioned this when Sergeant Hess asked her about adverse medical conditions prior to the testing. (Id. at 10:10 – 10:21).

In conclusion, as there was sufficient evidence to support the Court's verdict of guilty, the Defendant's Motion for Post-Trial Relief based on his argument that there was insufficient evidence to support the conviction shall be denied.

7

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                                  )
              VS.             )     No. 3386 C 2019
                                    )

VALESKA CORDOBA, )
                  Defendant.     )

## ORDER OF COURT

AND NOW, therefore, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Defendant's Post Sentence Motion is hereby DENIED.

BY THE COURT:

_____
Scott O. Mears, Judge

ATTEST:

_____
Clerk of Court

cc: File
     Leo Ciaramitaro, Esq., District Attorney's Office
     John Sweeney, Esq., Public Defender's Office
     Clerk of Court

8