J-A21029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARROW ROBINSON | : | |
| | : | No. 1705 EDA 2021 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered July 26, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-CR-0002718-2020

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:　　　　　**FILED SEPTEMBER 30, 2022**

Darrow Robinson (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of driving under the influence (DUI) (general impairment) and DUI (combination alcohol/drugs).[1]  We affirm.

Police Officer Thomas Takacs was the sole witness at Appellant's non-jury trial.  The trial court accurately summarized his testimony:

> Officer Thomas Takacs (hereinafter Officer Takacs) is employed as a patrolman with the Darby Borough Police Department and has been so employed for the past four (4) years. [N.T., 6/9/2021 p. 8].  At approximately 11:18 p.m., on the evening of January 22, 2020, Officer Takacs was in full uniform, operating an unmarked patrol vehicle, and was on routine patrol in the area of the 100 block of McDade Boulevard in Darby Borough, Delaware County, when he had occasion to drive by Fibber's Beer Distributor located at 198 McDade Boulevard.  The store was closed at the time.  [N.T., 6/9/2021 p. 8, 25].  Officer

---

[1] 75 Pa.C.S.A. § 3802(a)(1), (d)(3).

Takacs observed a vehicle in the parking lot of the establishment, parked with the engine running and headlights illuminated. [N.T., 6/9/2021 p. 9].

Officer Takacs pulled into the parking lot and exited his vehicle in order to investigate why the vehicle was parked in the lot of a private, closed establishment. [N.T., 6/9/2021 p. 12]. Officer Takacs initially approached the parked car on its passenger side. He observed the driver of the vehicle, later identified as Appellant, hunched over towards the center console. [N.T., 6/9/2021 p. 13]. Appellant had his cellular phone out and appeared to be watching a basketball game. [N.T., 6/9/2021 p. 13]. From his vantage point, Officer Takacs clearly observed a sixteen-ounce (16oz) Natural Light beer can sitting in the cupholder, as well as burnt marijuana roaches in the ash tray, and a metal marijuana grinder sitting in the storage area in front of the gear shift. [N.T., 6/9/2021 p. 13-16]. Appellant appeared to be completely unaware of Officer Takacs' presence outside of his vehicle. [N.T., 6/9/2021 p. 13].

Appellant eventually looked up and noticed Officer Takacs' presence and attempted to exit the driver's side of the vehicle. [N.T., 6/9/2021 p. 13]. Officer Takacs asked Appellant to remain inside the vehicle; he complied. [N.T., 6/9/2021 p. 13]. Officer Takacs walked around the vehicle to the driver's side in order to engage Appellant in conversation. [N.T., 6/9/2021 p. 13]. Appellant attempted to get out of the car a second time and, as he was attempting to do so, Officer Takacs observed marijuana crumbs falling off of Appellant's lap. [N.T., 6/9/2021 p. 13]. Officer Takacs again told Appellant to remain inside of the vehicle; Appellant complied and sat back down with the door open. Officer Takacs could smell a strong odor of burnt marijuana coming from inside of the vehicle. [N.T., 6/9/2021 p. 14]. Based upon his training and experience, it was immediately apparent to Officer Takacs that the crumbs and the smell were in fact, marijuana. [N.T., 6/9/2021 p. 14]. Appellant told Officer Takacs that he was driving for Uber Eats and decided to stop and watch the basketball game on his phone.

In addition to the smell of burnt marijuana coming from inside of the vehicle, Officer Takacs detected an odor of alcohol emanating from Appellant's breath and Appellant presented with red, glassy, bloodshot eyes and spoke with slurred speech; all signs to Officer Takacs that Appellant was under the influence of alcohol and marijuana. [N.T., 6/9/2021 p. 15].

Officer Takacs asked Appellant to submit to field sobriety tests, but he refused. [N.T., 6/9/2021 p. 17]. Appellant was asked to step out of the vehicle and was read the DL-26 form by Officer Linville, who had arrived on scene. [N.T., 6/9/2021 p. 18]. Appellant was placed into the back of the patrol vehicle and transported to police headquarters. His vehicle was inventoried and ultimately towed pursuant to an informal department policy. [N.T., 6/9/2021 p. 19]. The inventory search yielded one sandwich bag containing a small amount of marijuana and a digital scale located inside of the closed center console. [N.T., 6/9/2021 p. 20].

Officer Takacs testified that he has come in contact with upwards of one hundred (100) individuals who were under the influence of alcohol and/or marijuana. [N.T., 6/9/2021 p. 21]. During his career, Officer Takacs testified that he has made approximately twenty-five (25) arrests for driving under the influence. [N.T., 6/9/2021 p. 22].

Based upon his training and experience, Officer Takacs opined that Appellant was intoxicated from alcohol and marijuana and was not capable of safely operating a motor vehicle. [N.T., 6/9/2021 p. 22].

Trial Court Opinion, 2/9/22, at 2-4 (footnote omitted).

The trial court found Officer Takacs credible, and convicted Appellant of DUI (general impairment), and DUI (combination drugs/alcohol). *See* N.T., 6/9/21, at 67-68. On July 26, 2021, the trial court sentenced Appellant to the mandatory minimum 72 hours — six months in jail.[2] Appellant filed a timely post-sentence motion challenging the sufficiency and weight of the evidence. The trial court denied the motion on August 24, 2021. Appellant filed a notice of appeal the following day. On October 29, 2021, the Superior Court granted

_____

[2] The parties agreed Appellant's conviction for DUI (general impairment) merged with DUI (combination drugs/alcohol). *See* Trial Court Opinion, 2/9/22, at 5.

trial counsel permission to withdraw. Pursuant to that order, the trial court appointed new counsel to represent Appellant on appeal. In his court-ordered Pa.R.A.P. 1925(b) statement, Appellant raised sufficiency and weight issues.

Appellant presents the following questions:

1. Was the Commonwealth's evidence sufficient to prove [A]ppellant was under the influence of alcohol and incapable of safely operating a car where there was no accident or motor vehicle code violation, no field sobriety or breath tests, and [A]ppellant was in complete control of himself sitting in a parked car in an empty parking lot watching a game on his cellphone?

2. Was the Commonwealth's evidence sufficient to prove [A]ppellant was operating a car while under the combined influence of alcohol and drugs to a degree which impaired his ability to safely operate the car where there was no accident or motor vehicle code violation, no field sobriety or breath tests, and [A]ppellant was in complete control of himself sitting in a parked car in an empty parking lot watching a game on his cellphone?

3. Did the trial court abuse its discretion by denying [Appellant's] motion for a new trial where [A]ppellant claimed [the] convictions were against the weight of the evidence because the only evidence pointing to his inability to safely operate a car was incredible testimony by the arresting officer that was not included in his incident report and affidavit of probable cause?

Appellant's Brief at 5.

In his first and second issues, Appellant challenges the sufficiency of the evidence sustaining his DUI convictions under 75 Pa.C.S.A. §§ 3802(a)(1) and (d)(3). We address the two issues together, as Appellant states his "argument [for both issues] is essentially the same[.]" Appellant's Brief at 18.

Our standard of review is well-settled:

> The standard we apply ... is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated, and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Edwards*, 229 A.3d 298, 305–306 (Pa. Super. 2020)

(brackets and citation omitted).

Section 3802(a)(1) of the Motor Vehicle Code provides:

> **(a) *General impairment.***
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Section 3802(d)(3) defines the crime of driving under the combined influence of alcohol and drugs, stating:

> **(d) *Controlled substances*. —** An individual may not drive, operate, or be in actual physical control of the movement of a vehicle under any of the following circumstances:

- 5 -

* * *

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate, or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(3). To sustain a conviction under section 3802(d)(3), the Commonwealth must establish: (1) the defendant was impaired; (2) the defendant was incapable of safely driving; and (3) the defendant's impairment was caused by the combined influence of alcohol and a drug or combination of drugs. **See Commonwealth v. Graham**, 81 A.3d 137, 146 n.6 (Pa. Super. 2013).

In examining a sufficiency claim under 75 Pa.C.S.A. § 3802(d)(3), this Court has recognized "75 Pa.C.S.A. § 3802(d)(3) (driving under the combined influence of alcohol and a drug or combination of drugs) [ ] use[s] the same 'general language' of impairment that is contained in 75 Pa.C.S.A. § 3802(a)(1) (general impairment of alcohol)." **Graham**, 81 A.3d at 145–46 (citation omitted). "Section 3802(d)(3) likewise does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case [that a defendant was driving under the combined influence of alcohol and a drug]." **Id.** at 146.

Further, a fact-finder may determine causation by circumstantial evidence. **See Commonwealth v. Olsen**, 82 A.3d 1041, 1046 (Pa. Super. 2013) (citing **Commonwealth v. Mobley**, 14 A.3d 887, 889-90 (Pa. Super. 2011) (Commonwealth's burden may be met by circumstantial evidence and

any doubt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that no probability of fact can be drawn from combined circumstances)); 75 Pa.C.S.A. § 1547(e) ("In any ... criminal proceeding in which the defendant is charged with a violation of [75 Pa.C.S.A. § 3802 (DUI)] ..., the fact that the defendant refused to submit to chemical testing as required by [75 Pa.C.S.A. § 1547(a) (deeming drivers to have given consent to chemical testing)] may be introduced along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence, but it may be considered along with other factors concerning the charge.").

As to both 3802(a)(1) and (d)(3), Appellant concedes he was operating a motor vehicle. Appellant's Brief at 11. However, he argues the "evidence did not prove … he was under the influence of alcohol [or a combination of alcohol and drugs] to such a degree as to render him incapable of safe driving." *Id.* Appellant emphasizes there "was no accident, motor vehicle code violation, or any evidence of the car being driven unsafely." *Id.* at 9; *see also id.* at 12-18. Appellant states:

> There was circumstantial evidence that [Appellant] smoked marijuana and drank a single beer before his arrest while sitting in the parked car, but the only evidence that he was incapable of safe driving was the bald opinion of the arresting officer based on his incredible claim that [Appellant] had slurred speech and bloodshot eyes where those observations were not included in his initial incident report or the affidavit of probable cause.

*Id.*

The Commonwealth argues otherwise. The Commonwealth states that viewed "in the light most favorable to the Commonwealth, the evidence was plainly sufficient to demonstrate" Appellant was under the influence and incapable of safe driving. Commonwealth Brief at 11. We agree. After hearing the testimony, the trial court stated, "I find that Officer Takacs' testimony was credible." N.T., 6/9/21, at 67.[3] The trial court reasoned:

> [T]he evidence was sufficient to conclude that, while operating the vehicle, Appellant was under the influence of alcohol and drugs to such a degree as to render him incapable of safely driving. As a police officer, Officer Takacs utilized both his experience and personal observations to render an opinion as to Appellant's intoxication. Here, Appellant was found in the parking lot of a closed establishment; lights on and vehicle running; his lap covered in marijuana crumbs; sixteen-ounce open beer can in the center console; his car smelling of burnt marijuana with, conveniently, a marijuana grinder in plain view. Appellant spoke with slurred speech, and presented with glassy, bloodshot eyes. Appellant told Officer Takacs he had been driving and took a break. All reasonable inferences drawn from the above evidence, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of both counts of driving under the influence beyond a reasonable doubt.

Trial Court Opinion, 2/9/22, at 8.

_____

[3] The trial court additionally stated, "I think the testimony was [Appellant] refused the DL-26 [Implied Consent Form]. I find that Officer Takacs' testimony was credible. [Appellant's] refus[al] … is taken into consideration." N.T., 6/9/21, at 67. This statement refutes Appellant's claim that the trial court "did not list [Appellant's] refusal to take a blood alcohol test as a factor in finding him guilty." Appellant's Brief at 13.

Upon review of the record and aforementioned legal authority, we agree the evidence at Appellant's non-jury trial was sufficient for the trial court to convict Appellant of DUI under 3802(a)(1) and (d)(3).

In his third issue, Appellant assails the weight of the evidence. We recognize:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Bright***, 234 A.3d 744, 749 (Pa. Super. 2020) (citations omitted).

Appellant asserts the trial court convicted him "on the basis of an empty beer can in the car, [and] the smell of marijuana and alcohol on his breath, where there was no accident or improper driving and [Appellant] was in complete control of himself[.]" Appellant's Brief at 23. Appellant claims he "gave a reasonable explanation for what he was doing[.]" ***Id.*** He also assails the trial court's determination that Officer Takacs was credible. He argues:

> Under the circumstances of this case, it is incredible that Officer Takacs would have noticed bloodshot eyes and slurred speech and

not have included these facts in his [incident] report. It is also incredible he would remember these things nine months after the incident, but not the day following.

*Id.* at 22.

In response, the Commonwealth emphasizes "the trial judge was the factfinder and determined the officer's testimony was credible." Commonwealth Brief at 17. The Commonwealth asserts the "same evidence that provided sufficient evidence to sustain the convictions also convinced the court that the verdict was not against the weight of the evidence." *Id.* Again, we agree. The trial court confirmed:

> This [c]ourt, with its ability to see and hear the evidence presented, afforded great weight to Officer Takacs' testimony because he was a credible witness. Appellant takes issue with the minor discrepancies between Officer Takacs' testimony and his affidavit of probable cause; however, even if Officer Takacs failed to include certain details in his affidavit, the grant of a new trial must have a stronger foundation than simply the reassessment of the credibility of witnesses. In order to reverse a verdict, it must be so contrary to the evidence as to shock one's sense of justice. It is hardly shocking that Appellant's behavior of consuming alcohol and smoking marijuana in his running vehicle, while "taking a break" from driving, would have resulted in convictions for driving under the influence.

Trial Court Opinion, 2/9/22, at 9.

Consistent with our standard of review, we discern no abuse of discretion. The trial court was free to credit the testimony of Officer Takacs, and we may not disturb the trial court's credibility determination. Accordingly, Appellant's weight claim does not merit relief.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2022