J-A23025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS C. KNISLEY | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 22, 2020
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000633-2019

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JANUARY 27, 2022**

Travis C. Knisley appeals from the judgment of sentence imposed following his conviction of driving under the influence – general impairment ("DUI"), his second offense, and the summary offense of general lighting requirements.[1] We affirm.

On November 9, 2018, Lower Allen Township Police Officer Katie Justh was patrolling her jurisdiction. At approximately 9:54 p.m., while she was parked in a parking lot at the intersection of Carlisle and Orchard Roads, Officer Justh observed a white pick-up truck driving eastbound on Carlisle

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 4303(b).

Road with no rear taillights. Officer Justh pulled behind the pick-up truck and initiated a vehicle stop in the 1900 block of Carlisle Road.[2]

Upon initiating an interaction with Knisley, Officer Justh immediately "noticed that [Knisley's] eyes were glassy and bloodshot, and [] detected an odor of an alcoholic beverage emanating from the vehicle." N.T., Non-Jury Trial, 7/21/20, at 6. Officer Justh also observed that Knisley's "speech was thick and slurred." *Id.* Knisley told Officer Justh that he had consumed one alcoholic beverage.

Officer Justh asked Knisley to exit the vehicle and administered a preliminary breath test, which indicated the presence of alcohol. Officer Justh administered field sobriety tests, during which Knisley exhibited signs of intoxication. Based upon her observations, Officer Justh concluded that Knisley was incapable of driving safely. Knisley was subsequently arrested and charged with DUI – general impairment, DUI – high rate of alcohol and the summary offense of general lighting requirements.[3]

On June 19, 2019, Knisley filed a pre-trial motion to suppress evidence, arguing that Officer Justh lacked probable cause to arrest him for DUI. The

---

[2] The dashboard camera on Officer Justh's patrol car recorded the stop, and the recording was entered as an exhibit during the bench trial. *See* N.T., Non-Jury Trial, 7/21/20, at 5 (wherein Commonwealth's Exhibit 1 was admitted into evidence).

[3] The Commonwealth withdrew the DUI – high rate of alcohol charge prior to trial.

trial court conducted hearing, after which it denied Knisley's motion to suppress.

Following a bench trial, Knisley was convicted of the above-mentioned crimes. On September 22, 2020, the trial court sentenced Knisley to a term of 5 days to 6 months in prison, plus fines and the costs of prosecution. Knisley filed a post-sentence motion challenging the weight of the evidence, which the trial court denied. This timely appeal followed.[4]

In his first claim, Knisley challenges the sufficiency of the evidence supporting his DUI conviction. **See** Appellant's Brief at 16. Knisley concedes that he was operating the vehicle. **See id.** at 17. However, according to Knisley, the Commonwealth failed to establish that he was incapable of driving safely. **See id.** Knisley argues that Officer Justh did not observe him driving erratically; there was conflicting testimony regarding whether his speech was slurred; and beyond the field sobriety tests, he did not have trouble walking or balancing. **See id.** at 19-20.

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

---

[4] The trial court did not order Knisley to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

> the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

The Motor Vehicle Code provides, in relevant part, that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1); ***see also Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa. Super. 2011) (stating that, to sustain a DUI – general impairment conviction, "an individual's alcohol consumption must substantially impair his or her ability to safely operate a vehicle"). "Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate, or to react prudently to changing circumstances and conditions." ***Commonwealth v. Banks***, 253 A.3d 768, 775 (Pa. Super. 2021) (citation and brackets omitted).

In **Commonwealth v. Segida**, 985 A.2d 871 (Pa. 2009), our Supreme Court identified the types of evidence that the Commonwealth may offer to prove that a defendant was unable to safely operate a vehicle:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol[;] and slurred speech. … The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony.

**Id.** at 879. Further, contrary to Knisley's assertions, "[e]vidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute. The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test." **Mobley**, 14 A.3d at 890 (citation omitted).

The evidence presented during the bench trial, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to enable the trial court to conclude that Knisley was incapable of safely driving his vehicle due to his alcohol consumption. During the stop, Officer Justh "immediately" detected the odor of alcohol, observed that Knisley's "eyes were glassy and bloodshot," and noticed that Knisley's speech was "thick and slurred." N.T., Non-Jury Trial, 7/21/20, at 6. Officer Justh testified that during the walk and turn test, Knisley exhibited five signs of impairment. **See id.** at 8. **But see id.** at 15 (wherein Officer Justh testified that Knisley did not put

his foot down during the one leg stand test). Officer Justh testified that, based on her observations of Knisley's field sobriety tests, she believed that he was incapable of safe driving. *See id.* at 8-9. The trial court, as the finder of fact, was free to weigh this evidence in light of the surrounding circumstances. *See Segida*, *supra*.

In support of his contention, Knisley cites to *Gause*, wherein this Court concluded that there was insufficient evidence to support the defendant's DUI conviction. *See Gause*, 164 A.3d at 540-42. Though the *Gause* case presented similar factual circumstances, it is nevertheless distinguishable, as the officer who administered a drug evaluation test had testified that Gause was not "alcohol impaired." *Id.* at 541; *see also id.* at 539-40, 542 (concluding that the trial court improperly permitted the testing officer to testify as a lay witness concerning marijuana impairment, and therefore, the officer's conclusion that Gause was impaired by "both a drug and alcohol" was not supported by the record). Knisley also distinguishes *Commonwealth v. Clemens*, 242 A.3d 659 (Pa. Super. 2020), in which the evidence supporting the finding was stronger than that in the instant case. However, a reasonable fact finder could conclude that, under the totality of the circumstances, Knisley was incapable of safely driving his vehicle.

In his second claim, Knisley challenges the weight of the evidence supporting his DUI – general impairment conviction. *See* Appellant's Brief at 24. Knisley argues that the evidence does not support a finding that he was substantially impaired such that he was unable to safely drive his vehicle. *See*

*id.* at 25. Knisley claims that he was cooperative and responded appropriately to Officer Justh's questions; his speech was not slurred; and he successfully completed the one leg stand test. ***See id.*** at 25-26. Further, Knisley "argues that the video [from Officer Justh's dashboard camera] simply does not support the Officer[']s observations…." ***Id.*** at 28.

We do not review challenges to the weight of the evidence *de novo* on appeal. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we review only the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. ***See id.***

> A trial court may sustain a weight challenge only if the verdict is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. We defer to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

***Clemens***, 242 A.3d at 667 (internal citations and quotation marks omitted).

In its opinion,[5] the trial court found credible Officer Justh's testimony concerning her observations of Knisley's bloodshot, glassy eyes and slurred speech, as well as Knisley's performance on the field sobriety tests. ***See*** Trial

---

[5] The trial court noted that it had not directed Knisley to file a Rule 1925(b) concise statement and would focus its analysis on the sufficiency of the evidence, as raised in Knisley's post-sentence motion. ***See*** Trial Court Opinion, 3/3/21, at 4-5. Despite characterizing its analysis as a review of the sufficiency of the evidence, the trial court reviewed the arguments presented in Knisley's post-sentence motion, in which he identified only a *weight* challenge. ***See*** Post-Sentence Motion, 10/1/20, at 3-6 (unnumbered). Accordingly, as it appears that the trial court intended to address Knisley's weight of the evidence claim, we will proceed with our review.

Court Opinion, 3/3/21, at 4-5. Regarding Knisley's assertion that the dashboard camera footage did not support Officer Justh's testimony, the trial court stated that Officer Justh "was in a much better position to assess [Knisley] from where she was standing as opposed to the dashboard camera." *Id.* at 5. The court's analysis is supported by the record, and its reasoning is sound. Accordingly, we cannot conclude that the trial court abused its discretion in denying a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/27/2022