J-S21013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                      :  PENNSYLVANIA
                                      :

          v.                             :

                                      :

DAVID C MILLER                    :
                                      :

          Appellant          :   No. 206 MDA 2022

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001135-2019

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED AUGUST 03, 2022**

Appellant, David C. Miller, appeals from the Judgment of Sentence entered on January 7, 2022, following his conviction of DUI. Appellant challenges the sufficiency of the evidence. After careful review, we affirm.

Appellant's one-day nonjury trial occurred on October 19, 2021. At trial, the Commonwealth introduced the testimony of Williamsport Police Officer Andrew Stevens. As discussed *infra*, Officer Stevens testified that on May 2, 2019, he arrested Appellant for DUI after Appellant failed to use his turn signal on two occasions, smelled of alcohol, had bloodshot and glassy eyes and slurred, thick speech, failed the horizontal gaze nystagmus ("HGN") test, and refused blood testing. The Commonwealth entered into evidence a video recording of Officer Stevens' interaction with Appellant (the "MVR" footage).

_____

[*] Retired Senior Judge assigned to the Superior Court.

At the conclusion of trial, the court convicted Appellant of DUI—General Impairment.[1] The court subsequently sentenced Appellant to 20 days to 6 months of incarceration. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant challenges the sufficiency of the Commonwealth's evidence to convict him of DUI. Appellant's Br. at 15-24. Although he concedes that he was in physical control of the vehicle and does not challenge the finding that he drove his car after consuming alcohol, Appellant argues that the Commonwealth's evidence did not prove that he was incapable of safe driving. *Id.* Specifically, he contends that the Commonwealth's evidence failed to prove that he engaged in "truly egregious" driving, and his failure of the HGN test was insufficient to prove his inability to safely operate a vehicle.[2] *Id.* at 16, 22-23.

---

[1] 75 Pa.C.S. § 3802(a)(1). The court also convicted Appellant of two summary offenses not at issue in this appeal.

[2] Appellant also argues that the trial court improperly applied a presumption of guilt for Appellant's refusal to undergo blood testing. Appellant's Br. at 24-27. In support, Appellant cites a statement the trial court made while announcing its verdict, that "the Commonwealth is entitled to [a] presumption of guilt." *Id.* at 26 (citing N.T. Trial, 10/19/21, at 24). As an initial matter, Appellant failed to include this claim of trial court error in his Rule 1925(b) Statement and it is, thus, waived. Pa.R.A.P. 1925(b)(4)(vii). Even if not waived, the issue is without merit, as it is based on a misrepresentation of the trial transcript, specifically the stark omission of the court's immediate correction of its misstatement. *See* Appellant's Br. at 26; N.T. Trial at 24. We remind Appellant's counsel of his duty of candor to this tribunal.

- 2 -

When reviewing the sufficiency of the evidence, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." *Commonwealth v. Mollett*, 5 A.3d 291, 313 (Pa. Super. 2010). It is within the sole province of the factfinder to assess the credibility of witnesses and weigh the evidence. *Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011). The Commonwealth may satisfy its burden by wholly circumstantial evidence, and it is the duty of the factfinder to resolve any doubt about the defendant's guilt "unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Mollett*, 5 A.3d at 313 (citation omitted).

The Vehicle Code prohibits driving "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving[.]" 75 Pa.C.S. § 3802(a)(1). Thus, to be found guilty of DUI—General Impairment, an individual's alcohol consumption must substantially impair his or her ability to safely operate a vehicle. *Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000). "The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test." *Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) (finding sufficient evidence to prove inability to safely operate vehicle where appellant "failed four separate field sobriety tests, smelled of alcohol, and proceeded to

coast through a stop sign despite a police officer being in plain view"). It is not necessary that the Commonwealth provide proof of erratic driving. *Id.*

In the instant case, the trial court found Officer Stevens' testimony to be credible and sufficient to prove that Appellant was incapable of safe driving. N.T. Trial, 10/19/21, at 24; Trial Ct. Op., 3/3/22, at 3-4. In support, the court cited testimony by Officer Stevens, corroborated by the MVR footage, that Appellant "was driving under the speed limit[,] failed to use his turn signal [twice,] exhibited physical characteristics of imbibing alcohol, specifically slurred and thick speech and glassy, bloodshot eyes[, and] reeked of alcohol[.] Appellant struggled to follow simple directions and could not multitask—a vital skillset while driving." Trial Ct. Op. at 3-4. The court concluded: "in consideration of all the evidence presented . . . the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant was incapable of driving safely." *Id.* We agree.

Officer Stevens testified at trial that he had "extensive training" in DUI enforcement, and the Commonwealth entered his resume into evidence. N.T. Trial at 3-5. Officer Stevens testified, and the MVR footage showed, that on May 2, 2019, he witnessed a green sedan, operated by Appellant, pull onto the roadway from the curb without using a turn signal. *Id.* at 7. Traveling approximately 10 miles per hour below the speed limit, Officer Stevens followed the sedan and saw it make a left turn without signaling. *Id.* at 8, 19.

Officer Stevens testified that after he effectuated the traffic stop and approached Appellant, he "was immediately overwhelmed by the odor of

alcohol coming from the cab of the vehicle." *Id.* at 8. Appellant's "eyes were bloodshot and glassy[,] his speech was thick and slurred[,]" and when he removed Appellant from the car, he smelled alcohol on Appellant's breath. *Id.* at 8-9, 14. Officer Stevens further testified that when he performed the HGN test, Appellant "was having difficulties following simple instructions or keeping his head still. He continued to move several times and there [were] signs of impairment during that test." *Id.* at 10-11. Appellant demonstrated six out of six indicators of impairment on the HGN test. *Id.* at 11, 20.

Officer Stevens explained that the HGN test is a "divided attention test" designed to evaluate a person's ability to multitask. *Id.* at 11. Multitasking is a skill necessary to safely drive. *Id.* Appellant's inability to pass the HGN test indicated an inability to multitask and, therefore, an inability to safely drive. *Id.*

We conclude that the record supports the trial court's verdict. Officer Stevens' testimony and the MVR footage provided sufficient evidence to prove that Appellant was incapable of safe driving. Specifically, Officer Stevens explained that Appellant's driving under the speed limit and failure to use his turn signal constituted unsafe driving, and his inability to pass the HGN test was indicative of an inability to safely operate a vehicle. The trial court credited this testimony, and we defer to the court's credibility finding.

Having found that sufficient evidence supports the verdict, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2022